UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRIENDS OF THE FRED MEIJER
HEARTLAND TRAIL, INC., a
Michigan non-profit organization,

        Plaintiff,

v.

RAY CHRISTENSEN & JOANN
CHRISTENSEN, husband and wife, and
JOE CHRISTENSEN,

        Defendants.
_____/

File No.  1:11-CV-320

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter comes before the Court on Plaintiff's motion for partial summary disposition (Dkt. No. 31) and Defendants' motion for partial summary disposition (Dkt. No. 40.)  For the reasons that follow, Plaintiff's motion will be granted in part and denied in part, and Defendant's cross-motion will be denied.

### I.

Plaintiff Friends of the Fred Meijer Heartland Trail, Inc. ("Friends") is a Michigan non-profit organization that is involved in converting a former railroad corridor in Montcalm County, Michigan, into a recreational trail.  The proposed trail continues from the existing Fred Meijer Heartland Trail south into Greenville along the rail corridor.  On September 20, 2010, Mid-Michigan Railroad, Inc., former owner of the railroad corridor, quitclaimed a 2.82

mile strip of land (the "Trail Premises") to Friends subject to the provisions of 16 U.S.C. § 1247(d) (governing interim use of railroad rights-of-way for trails while preserving established railroad rights-of-way for future reactivation of rail service).

Defendants Ray Christensen and Joe Christensen[1] operate a family farm on property located near Peck and Vining Roads in Montcalm County north of Greenville, Michigan. A segment of the Trail Premises (a length of approximately .7 miles) crosses the Christensen farm property.

Plaintiff's motion for partial summary judgment requests an order finding that Friends has fee title to the Trail Premises and that the Trail Premises is 100 feet wide where it crosses the Christensen farm property. Defendants concede that Friends has fee title to the Trail Premises, but they contend that Friends only has title to a strip of property 66 feet wide where it crosses the Christensen farm property. Thus, the only issue for this Court's consideration on this motion for partial summary judgment is whether the Trail Premises is 66 feet wide or 100 feet wide where it crosses the Christensen farm property.

**II.**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. If the moving party makes this showing, then the nonmoving

---

[1] Defendant Joann Christensen was dismissed without prejudice on stipulation of the parties. (Dkt. No. 39, Order.)

party must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

**III.**

There is no dispute that the railroad corridor owned by Plaintiff's grantor, Mid-Michigan Railroad, Inc., was 100 feet wide where it crosses Defendants' farm property. Mid-Michigan's ownership of that segment of the Trail Premises is traced to two 1901 deeds from Lincoln and Gault which gave the Pere Marquette Railroad Company of Michigan fee title to two parcels of land one hundred feet in width.

The focus of the current dispute is not on whether Plaintiff obtained fee title to the Trail Premises, nor on the width of the railroad corridor, but on the width of the property conveyed to Plaintiff along that segment of the Trail Premises that crosses Defendants' farm property. The September 20, 2010, quitclaim deed from Mid-Michigan to Friends does not

3

contain a conventional description of the property conveyed. Instead, the deed describes the property conveyed as follows:

> A 2.82-mile strip of land, commencing at milepost 81.32, in Greenville, and running to milepost 78.50, at the end of the line, in Montcalm County, MI, as being described on Exhibit A, and generally shown on Exhibits A-1 through A-9, attached hereto (the "Trail Premises") . . . . .
>
> Said property being a part of the same property conveyed by CSX Transportation, Inc., a Virginia corporation, to Mid-Michigan Railroad, Inc. by deed dated December 18, 1987 hereinafter ("Prior Deed").

Exhibit A describes the Trail Premises as follows:

> A 2.82-mile strip of land commencing at the southerly boundary of Washington Street (aka County Road M57) at or near Greenville in Montcalm County, Michigan, said southerly boundary of Washington Street also being at valuation station 7384+09, as indicated on that valuation map labeled VAL. SEC. 2-F SHEET#4, incorporated herein by reference, and hereby made a part hereof, and ending at the southerly boundary of Peck Road, in Montcalm County, Michigan, said southerly boundary of Peck Road, in Montcalm County, Michigan, said southerly boundary of Peck Road also being at valuation station 100+81, as indicated on that valuation map labeled VAL. SEC. 4F SHEET No. 2, incorporated herein by reference and hereby made a part hereof;
>
> Said strip of land being a part of the same property conveyed by CSX Transportation, Inc., a Virginia corporation, to Mid-Michigan Railroad, Inc. by deed dated December 18, 1987.

(Compl., Ex. 3.) Attached to the deed are the nine referenced maps, A-1 through A-9.

The portion of the Trail Premises that crosses Defendants' farm property is located on Maps A-8 and A-9. Maps A-8 and A-9 clearly show that the width of the rail corridor is 50 feet on either side of the centerline. The Trail Premises depicted on Maps A-8 and A-9 by green shading corresponds to the entire width of the rail corridor. However, Maps A-8

4

and A-9 also have yellow boxes pointing to the Trail Premises which state "typically 66 feet."

Defendants have retained Attorney Terry E. Heiss as their expert in Michigan title standards. Based on his review of the deed from Mid-Michigan to Friends, Mr. Heiss has given his opinion that "the intent of the deed was to convey a strip of land 2.82 miles in length by 66 feet in width out of a 100 feet wide strip owned by Grantor thereby leaving two 17 feet wide strips of land running parallel to the parcel transferred." (Dkt. No. 41, Ex. A, Heiss Aff. ¶ 9.) In support of his opinion that the deed did not transfer the entire rail corridor, Mr. Heiss relies on the yellow boxes indicating "typically 66 feet" and on the deed's notation that the property conveyed was "a part of" the property conveyed by CSX to Mid-Michigan. (Heiss Aff. ¶¶ 9-11.) Defendants contend that the deed is unambiguous, and that they are entitled to judgment as a matter of law that Plaintiff's fee title to the portion of the Trail Premises at issue in this case is only 66 feet in width. (Dkt. No. 40 (Defs.' Resp. 2.)

Because the quitclaim deed does not explain what "part of" the property conveyed by CSX to Mid-Michigan is covered by the quitclaim deed, and because the "typical width is 66'" designation in the yellow box is arguably inconsistent with the 50 feet from centerline markings on the map and the green shading that marks the Trail Premises, the Court concludes that there are material issues of fact for trial concerning the width of the Trail Premises conveyed to Friends. Accordingly, neither party is entitled to summary judgment on the issue of the width of the Trail Premises where it crosses Defendants' farm property.

For the reasons stated herein, Plaintiff's motion for partial summary judgment will be granted in part and denied in part. To the extent Plaintiff seeks a ruling that it obtained fee title to the Trail Premises, the motion will be granted. To the extent Plaintiff seeks a ruling that the Trail Premises is 100 feet wide where it crosses Defendants' farm property, the motion will be denied. Defendants' request for summary judgment in their favor that the Trail Premises is 66 feet wide where it crosses Defendants' farm property will be denied.

An order consistent with this opinion will be entered.


Dated: April 4, 2012                          /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE